## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARGARET E MacEACHERN,

     Plaintiff,

                                     Case No. 18-12609

v.

                                       HON. DENISE PAGE HOOD

CREATIVE SOLUTIONS
GROUP, INC.,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR RECONSIDERATION [#21]

## I.    INTRODUCTION

On August 21, 2018, Plaintiff filed a four-count Complaint alleging that Defendant discriminated against her on the basis of her pregnancy and sex, in violation of Title VII and the Michigan Elliot-Larsen Civil Rights Act ("ELCRA"). On November 1, 2019, the Court issued an Order Denying Defendant's Motion for Summary Judgment. ECF No. 19. On November 15, 2019, Defendant filed a Motion for Reconsideration, ECF No. 21, arguing that the Court "fail[ed] to properly apply the standard for summary judgment on the issue of pretext." For the reasons that follow, the Court denies the Motion for Reconsideration.

## II.  BACKGROUND

The relevant facts regarding this case were set forth in the Court's November 1, 2019 Order.  The Court incorporates those facts by reference in this Order.

## III.  ANALYSIS

### A.  Legal Standard

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or

reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

## B.     Analysis

The Court finds that Defendant fails to offer any new argument regarding Plaintiff's Title VII and ELCRA claims. Defendant's current arguments, like its arguments in its Motion for Summary Judgment, focus on the facts that favor Defendant and generally ignore that the facts must be viewed in a light most favorable to the non-moving party – Plaintiff. The Court does not weigh the evidence at the summary judgment stage, *see, e.g.*, ECF No. 19, PgID 389-90, as that is a function for the trier of fact. For purposes of deciding a motion for summary judgment, it is irrelevant that there are far more witnesses that have given deposition testimony or submitted affidavits that favor Defendant.[1]

The erroneous premise of Defendant's arguments in its Motion for Reconsideration is evidenced by several statements it makes:

> 1.     "The Order summarily concluded the six things relied on by Plaintiff 'constitute evidence' of pretext and, thus, there is a genuine

---

[1]The Court notes that: (a) some of the facts upon which Defendant relies in its Motion for Reconsideration were not cited in its motion for summary judgment, brief in support of the motion, or reply brief; and (b)a number of those facts are attributed to deposition testimony attached to <u>Plaintiff's brief</u> in response to Defendant's Motion for Summary Judgment.

issue of material fact precluding summary judgment. The Order erroneously failed to even consider CSG's extensive, corroborated evidence against finding sufficient evidence of pretext. Accordingly, as a result of this palpable defect, . . ."

2. "While CSG obviously agrees with the holding, it takes issue with the Order's brief characterization of CSG's evidence regarding Plaintiff's poor performance. Whereas throughout, the Order cites specifically to testimony and other evidence relied upon by Plaintiff, the Order reduces CSG's ample and compelling evidence to a one-sentence summary diminished by the qualifier 'allegedly' that in no way accurately reflects the strength of CSG's case. The Order does not use that qualifier when citing to Plaintiff's unsubstantiated claims based on her own testimony. CSG is entitled to a more thorough consideration of the evidence that it submitted to the Court."

3. "[T]he Order failed to even consider any of CSG's extensive evidence or arguments to rebut Plaintiff's assertion of pretext. . . . The issue is whether a **reasonable** jury could conclude it is more likely that CSG was motivated by discriminatory reasons than by Plaintiff's poor job performance. Therefore it is imperative that **all** of the evidence be considered and analyzed on this issue."

4. "The Order erroneously failed to even consider CSG's extensive, corroborated evidence against finding sufficient evidence of pretext."

ECF No. 21, PgID 401, 406-07, 411 (emphasis in original), 417. Defendant's arguments reveal the true basis for its motion for reconsideration – the Court's ruling was not in its favor the first time, and it seeks to persuade the Court to adopt Defendant's version of the case. The threshold for relief pursuant to Local Rule 7.1(h)(3) requires more.

Defendant argues that the six things the Court <u>collectively</u> cited as evidence of pretext were unsupported, factually wrong or legally insufficient, but Defendant does not demonstrate that any of those six things cited by the Court are false or inaccurate on their face. Rather, Defendant simply offers extensive evidence[2] that would undermine and contradict that evidence – and the Court recognizes that evidence may constitute the basis upon which a factfinder ultimately rules in Defendant's favor. At this stage of the proceedings, however, the Court does not evaluate the subjective nature of Plaintiff's (or her father's) impressions of Plaintiff's capabilities or other testimony or evidence provided by Plaintiff. Those are issues of fact and credibility for – and which will be determined by – the factfinder.

Finally, as Defendant notes, it is Plaintiff's "burden to produce **enough evidence to convince a reasonable jury** that CSG's termination of Plaintiff for poor performance was a **mere pretext** for pregnancy discrimination. *EEOC v. Decker Transport Co.* 2011 WL 1792763 (E.D. Mich., May 11, 2011), (citing *White v. Baxter Healthcare Corp.*, 533 F.3rd 381, 395 (6th Cir. 2008)." ECF No. 21, PgID 409 (emphasis in Defendant's Motion for Reconsideration). For all of the reasons stated

---

[2]The Court notes that, among other things, Defendant references "uncontroverted testimony," cites ways that other employees' situations are distinguishable from Plaintiff's circumstances, and cites evidence that Defendant's employees discussed Plaintiff's deficient performance issues.

throughout the Court's November 1, 2019 Order, the Court concludes that, although it may be true that "[n]ot a single 'thing' on the list" of evidence of pretext proffered by Plaintiff is "significantly probative," when considered collectively, the evidence of pretext proffered by Plaintiff is "significantly probative evidence." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993).[3]

For the reasons stated above, the Court concludes there is no palpable defect by which it or the parties has been misled and denies the Motion for Reconsideration.

## IV.    CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration [ECF No. 21] is **DENIED**.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: December 6, 2019

---

[3]The Court concludes that, in order to conclude that *Megivern v. Glacier Hills Inc.*, 519 F.App'x 385 (6th Cir. 2013), and *Vigil v. Servicesource Delaware, Inc.*, 2016 WL 8669214 (M.D. Tenn., Dec. 30, 2016), are instructive (as Defendant contends), the Court would have to make factual determinations. The Court also finds the facts in each of those cases distinguishable from the facts of the current case when they are viewed in a light most favorable to Plaintiff.